UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BURGIOUS FRAZIER, JR., YOSUB KIM, WAYNE KRUG, BEN PEREZ, VANESSA SZAJNBERG, NICHOLAS TAPALANSKY, and SHELLY YIP,<br><br>                          Petitioners,<br><br>-against-<br><br>X. CORP f/k/a TWITTER, INC. and X HOLDINGS CORP f/k/a X HOLDINGS I, INC.,<br><br>                        **Respondents.** | C.A. NO. 1:24-CV-2135<br><br>DECLARATION OF AKIVA COHEN |

1. I am counsel to Petitioners in this action and submit this Declaration in further support of their Petition for an Order compelling Respondents to arbitrate Petitioners' claims, and to do so in compliance with the rules of the arbitration provider Twitter chose, including by paying the associated arbitral fees. I have personal knowledge of the facts set forth herein and could and would testify competently thereto if required to do so.

2. Twitter has represented in other court filings, and my review of hundreds of employee on-boarding documents have confirmed, that its practice was to send offer letters to successful job applicants. These offer letters explain the steps the applicant must take to accept a job offer, which included signing the included form Dispute Resolution Agreement ("DRA"). Twitter explained in a declaration submitted to the Northern District of California that it has largely automated the onboarding process for new employees, requiring electronic signature through Adobe Sign and setting up a system for, upon Adobe Sign recording the applicant's electronic signature, the automatic storage of the documents, notification of Twitter's People Services team, and creation of a

new Workday profile for the newly hired Twitter employee. This automated process requires the employee to execute the DRA. A copy of that declaration is annexed hereto as **Exhibit 1**.

3. On October 28, 2022, Elon Musk acquired Twitter and promptly laid off nearly 75% of the workforce, offering the impacted employees severance significantly below the amount Twitter had previously promised them. That prompted thousands of former Twitter employees to file arbitration demands raising claims relating to their severance – most of which were filed with JAMS, the arbitration provider Twitter had selected in its most recent version of the DRA. In the months after Twitter's former employees filed their arbitration demands, JAMS invoiced Respondents for their share of the initiation fees and indicated that JAMS had concluded that the Minimum Standards would apply to the arbitration. Respondents did not object to these statements, and instead, filed answers and affirmative defenses, paid their share of the case initiation fees, and participated in the selection of arbitrators.

4. Attached hereto as **Exhibit 2** is a letter from Twitter to JAMS dated June 2, 2023.

5. Attached hereto as **Exhibit 3** is a letter from JAMS to Twitter dated June 21, 2023.

6. Attached hereto as **Exhibit 4** is a letter from Twitter to JAMS dated June 28, 2023.

7. Attached hereto as **Exhibit 5** is an email from Sari Alamuddin, counsel to Twitter, dated March 6, 2024.

8. The parties extensively briefed the motion in Zhang, with Judge Maas setting the briefing schedule and page limits at a conference with the parties. At no point did Respondents object to the briefing schedule or other procedure related to the motion (though they did object that Judge Maas should not even consider the application because a ruling would purportedly be "advisory"). At no point, including during the briefing or argument, did Respondents seek any extension or suggest that the procedure prevented them from submitting any argument or evidence, and at no point did Judge Maas exclude or preclude Respondents from offering any argument or

evidence. On November 30, 2023, the parties argued the Zhang matter before Judge Maas for more than an hour. Respondents were represented at that argument by Morgan Lewis partner Michael Kenneally, a former U.S. Supreme Court clerk who submitted his appearance shortly before the oral argument.

9. During the argument, Judge Maas indicated that if he issued a ruling on the motion, he would style his award as a Partial Final Award. Respondents did not object. That was not the first time Judge Maas had indicated that he would issue a Partial Final Award – during the pre-motion conference months earlier, when Mr. Zhang described his intended motion as for an Interim Award, Judge Maas responded that for the relief Mr. Zhang was seeking a Partial Final Award would be more appropriate. Counsel for Mr. Zhang agreed that Judge Maas should issue a Partial Final Award if he granted the motion, and counsel for Respondents raised no objection to Judge Maas doing so. At no point during the briefing or argument did Respondents suggest that issuance of a Partial Final Award was improper or otherwise beyond Judge Maas's authority; instead, Respondents opposed solely on their substantive arguments and position that Judge Maas could not issue an "advisory" opinion.

10. Attached hereto as **Exhibit 6** is a true and correct copy of Yunfeng Zhang's fully executed Dispute Resolution Agreement.

Dated: March 21, 2024
New Brunswick, New Jersey

*/s/ Akiva M. Cohen*
Akiva M. Cohen