**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

BURGIOUS FRAZIER, JR., YOSUB KIM,
WAYNE KRUG, BEN PEREZ, VANESSA
SZAJNBERG, NICHOLAS TAPALANSKY,
and SHELLY YIP,

                Petitioners,

   -against-

X CORP f/k/a TWITTER, INC. and X
HOLDINGS CORP f/k/a X HOLDINGS I,
INC.,

                Respondents.

C.A. NO. 1:24-CV-2135-JSR

---

**DECLARATION OF ERIC MECKLEY IN SUPPORT OF**
**DEFENDANTS' OPPOSITION TO PETITION TO COMPEL ARBITRATION**

Pursuant to 28 U.S.C. § 1746, I, Eric Meckley, declare as follows:

1.      I am an attorney with the law firm of Morgan Lewis & Bockius LLP, attorneys for Defendants X Corp. f/k/a Twitter, Inc. and X Holdings Corp. f/k/a X Holdings I, Inc. I submit this Declaration in support of Defendants' Opposition to the Petition to Compel Arbitration. I am familiar with this matter and have personal knowledge of the facts stated in this Declaration and could testify competently to them if asked to do so.

2.      In or around December 2022, a large influx of claimants began filing individual demands for arbitration naming Twitter as a respondent. The number of arbitration demands being filed accelerated exponentially over time. To date, Twitter has received more than 2,200 individual demands for arbitration.

3.      On June 2, 2023, Twitter submitted a letter to JAMS requesting that arbitration costs be apportioned equally between the parties for any arbitrations pending in jurisdictions where fee-sharing is lawful, consistent with the express terms of the parties' Dispute Resolution Agreement or "DRA." Attached as **Exhibit 1** is a true and correct copy of Twitter's June 2, 2023 letter to JAMS (minus the exhibits originally submitted with that letter, which were copies of three individuals' DRAs).

4.      On June 21, 2023, JAMS' General Counsel responded to Twitter's June 2, 2023 letter and stated that JAMS' Minimum Standards would apply to each arbitration proceeding, "notwithstanding any contrary provision in the parties' arbitration agreement." Attached as **Exhibit 2** is a true and correct copy of this June 21, 2023 JAMS Opinion.

5.      On June 28, 2023, Twitter responded to the June 21 letter from JAMS General Counsel, and notified JAMS that (a) the Minimum Standards are separate and distinct from the JAMS Rules, (b) the parties did not agree to abide by the Minimum Standards in the DRA, (c) the Minimum Standards apply only where arbitration is mandated as a condition of employment, which was not true here given the right to opt out, and (d) the DRA permitted apportionment of fees under applicable law and, thus, the June 21 JAMS Opinion "prevents Twitter from exercising its contractual rights and improperly negates a material provision in the dispute resolution agreements should Twitter proceed in accordance with [the] decision." Attached as **Exhibit 3** is a true and correct copy of Twitter's June 28, 2023 letter to JAMS (minus the attachment).

6.      On June 30, 2023, JAMS' General Counsel, Sheri Eisner, wrote to counsel for Twitter and Petitioners observing that employees could elect to contribute to JAMS fees. Attached as **Exhibit 4** is a true and correct copy of Ms. Eisner's June 30, 2023 letter.

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct.

Dated: April 26, 2024                         */s/ Eric Meckley*
                                              Eric Meckley, Esq.