# Exhibit 1

# Morgan Lewis

**Sari M. Alamuddin**
Partner
+1.312.324.1158
sari.alamuddin@morganlewis.com

June 2, 2023

**SERVICE VIA EMAIL**

Sheri Eisner
Senior Vice President, General Counsel
JAMS

**Re:**  **Twitter Arbitrations - Contractually Required Fee Sharing**

Dear Ms. Eisner,

There are approximately 2,000 demands against X Corp. as successor in interest to Twitter, Inc. ("Twitter") pending with JAMS.[1] To date, JAMS has been issuing all non-Case Management Fee invoices to Twitter only, ostensibly per Standard No. 6 from *JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness* ("*Minimum Standards*"). However, Standard No. 6 is merely a default rule (superseded by the parties' contract) that simply seeks to ensure that "access to arbitration must not be precluded by the employee's inability to pay any costs or by the location of the arbitration." Upon information and belief, the Claimants in these cases are able to bear the costs of arbitration. Indeed, in most jurisdictions, it is lawful for arbitration costs to be apportioned equally between the parties to an arbitration unless a claimant can show that they face such high costs that they are "effectively precluded from vindicating" their claims. *See, e.g.*, *Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1260 (11th Cir. 2003).

Likewise, the unambiguous terms of the Dispute Resolution Agreement ("DRA") between the parties in these actions provides:

> *Each party will pay the fees for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law, However, in all cases* **where required by law**, *the Company will pay the Arbitrator's and arbitration fees.* **If under applicable law the Company is not required to pay all of the Arbitrator's and/or arbitration fees, such fee(s) will be apportioned between the parties in accordance with said applicable law, and any disputes**

---

[1] Nearly all of these demands have been brought by the four law firms copied on this correspondence.

**Morgan, Lewis & Bockius LLP**

110 North Wacker Drive
Chicago, IL  60606-1511         ⓣ +1.312.324.1000
United States                            ⓕ +1.312.324.1001

Sheri Eisner
June 2, 2023
Page 2

> ***in that regard will be resolved by the Arbitrator***.  *See* Exhibits A-C, Dispute Resolution Agreements, ¶ 6 (emphasis added).[2]

The agreement between the parties requires that arbitration fees be apportioned between the parties in accordance with applicable law and makes clear that Twitter "is not required to pay all of the Arbitrator's and/or arbitration fees" **unless** the applicable jurisdiction's law so requires.  Moreover, any dispute regarding fee sharing must be raised with individual arbitrators for resolution.  Based on our review to date, the following states in which demands against Twitter have been filed <u>do not</u> require Twitter to "pay all of the Arbitrator's and/or arbitration fees:

| | |
|---|---|
| Arizona | Colorado |
| District of Columbia | Florida |
| Georgia | Illinois |
| Massachusetts | Michigan |
| Minnesota | Missouri |
| New Jersey | New York |
| North Carolina | Oklahoma |
| Pennsylvania | Texas |
| Washington | Wisconsin[3] |

Therefore, all non-Case Management arbitration fees should be apportioned equally among the parties in any of the above-mentioned jurisdictions.[4]  If a claimant disagrees with the fee-

---

[2] These exhibits contain an exemplar DRA for a claimant represented by three of the four law firms copied on this correspondence.  The DRAs submitted with Outten & Golden's demands are password protected and therefore not included, but they contain identical language, in relevant part.

[3] *See, e.g.*, *Shankle v. B-G Maintenance Mgmt. of Colorado, Inc.*, 163 F.3d 1230 (10th Cir. 1999) (**Colorado and Oklahoma**); *Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255 (11th Cir. 2003) (**Florida and Georgia**); *Bekele v. Lyft, Inc.*, 918 F.3d 181 (1st Cir. 2019) (**Massachusetts**); *Livingston v. Assocs. Fin., Inc.*, 339 F.3d 553 (7th Cir. 2003) (**Illinois and Wisconsin**); *Faber v. Menard, Inc.*, 367 F.3d 1048 (8th Cir. 2004) (**Missouri and Minnesota**); *Bradford v. Rockwell Semiconductor Systems, Inc.*, 238 F.3d 549 (4th Cir. 2001) (**North Carolina**); *Blair v. Scott Specialty Gases*, 283 F.3d 595 (3d Cir. 2002) (**New Jersey and Pennsylvania**); *Klein v. Nabors Drilling USA L.P.*, 710 F.3d 234 (5th Cir. 2013) (**Texas**); *Clark v. Renaissance W., L.L.C.*, 232 Ariz. 510 (2013) (**Arizona**); *Andresen v. Intepros Fed., Inc.*, 240 F. Supp. 3d 143(D.D.C. 2017) (**District of Columbia**); *Rembert v. Ryan's Family Steak Houses, Inc.*, 235 Mich. App. 118 (1999) (**Michigan**); *Credit Suisse First Boston Corp. v. Pitofsky*, 4 N.Y.3d 149 (2005) (**New York**); *Mendez v. Palm Harbor Homes, Inc.*, 111 Wn. App. 446 (2002) (**Washington**).

[4] Fee-splitting should apply to any future demands filed in other jurisdictions where fee-splitting is lawful.

Sheri Eisner
June 2, 2023
Page 3

sharing, they have a contractual right to raise a fee dispute in these jurisdictions with individual arbitrators, who will resolve the dispute according to applicable law.[5]

      For these reasons, Twitter requests that JAMS apportion all non-Case Management fee invoices equally among the parties to an arbitration in any jurisdiction where the law does not require that Twitter cover all arbitration fees and costs.

      Further, Twitter has agreed to arbitrate certain demands to date solely to allow case administration to proceed in these mass arbitrations.  Any such agreement does not constitute a waiver of Twitter's contractual rights under the DRA with respect to fees, and Twitter reserves the right to enforce the DRA in existing cases and any future cases.

Sincerely,

/s/

Sari M. Alamuddin

SMA

c:  Dixon Diab & Chambers LLP
     Outten & Golden LLP
     Lichten & Liss-Riordan, P.C.
     Kamerman, Uncyk, Soniker & Klein, P.C.

---

[5] JAMS' "Notice to all Parties" issued upon case initiation similarly contemplates that parties may take issue with JAMS' *Minimum Standards* and, in those cases, the issue will be directed to the arbitrator, once appointed, for further review and consideration.