UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BURGIOUS FRAZIER, JR., YOSUB KIM, WAYNE KRUG, BEN PEREZ, VANESSA SZAJNBERG, NICHOLAS TAPALANSKY, and SHELLY YIP, <br><br>               Petitioners, <br><br>       -against- <br><br> X. CORP f/k/a TWITTER, INC. and X HOLDINGS CORP f/k/a X HOLDINGS I, INC., <br><br>       **Respondents.** | C.A. NO. 1:24-CV-2135 <br><br> REPLY DECLARATION OF AKIVA COHEN |

1.      I am counsel to Petitioners in this action and submit this Declaration in further support of their Petition for an Order compelling Respondents to arbitrate Petitioners' claims, and to do so in compliance with the rules of the arbitration provider Twitter chose, including by paying the associated arbitral fees. I have personal knowledge of the facts set forth herein and could and would testify competently thereto if required to do so.

2.      Attached hereto as **Exhibit 1** is the Declaration of Lauren Wegman, D.I. 14 in *Woodfield v. Twitter,* Case No. 1:23-cv-00780-CFC (D. Del. 2023).

3.      Attached hereto as **Exhibit 2** is Burgious Frazier's offer letter from Twitter with personal information redacted.

4.      To obtain an arbitral ruling on the fees issue, we needed to advance fees for the motion in one of the impacted proceedings in which Respondents had already paid an initial deposit towards arbitrator time, so that JAMS could charge the time spent on the motion equally to both parties until the arbitrator ruled. When Respondents unilaterally refused to pay further JAMS invoices, there were only four such arbitrations. We opted to bring the motion in Mr. Zhang's

arbitration for the most mundane of reasons: it was proceeding in New York, the state where I am admitted to the bar (so I was already familiar with the relevant law and there was no need to have papers reviewed by local counsel, as would have been necessary in the other options) and work (so there would be no need for travel if the arbitrator wanted an in-person hearing).

5.   Attached hereto as **Exhibit 3** is Defendants' Motion to Compel Arbitration, D.I. 12 in *Woodfield v. Twitter*, Case No. 1:23-cv-00780-CFC (D. Del. 2023).

6.   Attached hereto as **Exhibit 4** is Respondents' Opposition to Petitioner's Motion to Compel, D.I. 35 in *Ma v. Twitter, et al.*, Case No. 4:23-cv-03301-JST (N.D. Cal. 2023).

Dated: May 9, 2024
New Brunswick, New Jersey.

*/s/ Akiva M. Cohen*
Akiva M. Cohen